STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

*In Re*: **J.K. & M.K.**

**No. 12-1161** (Jackson County 11-JA-52 & 53)

**FILED**

March 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Father's appeal, by counsel Erica Brannon Gunn, arises from the Circuit Court of Jackson County, wherein his parental rights to the children were terminated by order entered on September 20, 2012.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee A. Niezgoda, has filed its response. The guardian ad litem, Laurence W. Hancock, has filed a response on behalf of the children.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On November 1, 2011, the DHHR filed its initial petition alleging that petitioner abused and/or neglected the children by using drugs in the home in front of the children and using excessive discipline. Petitioner later stipulated to certain allegations and the children were adjudicated as abused and neglected. Petitioner was granted a post-adjudicatory improvement period, but the DHHR later alleged non-compliance with the terms thereof. The circuit court thereafter denied petitioner's motion to extend his improvement period and terminated his parental rights at disposition.

On appeal, petitioner alleges several assignments of error. First, he alleges that the circuit court erred in determining that he had not substantially complied with the terms of his post-adjudicatory improvement period. According to petitioner, he was unable to fully comply with certain terms because he had gained employment, which was also a term of his improvement period. As such, petitioner also alleges it was error to deny his motion for an extension to his improvement period. Next, petitioner alleges that the circuit court erred in finding that termination of his parental rights was in the children's best interest. According to petitioner, the DHHR admitted that there would be no harm to the children if he had been granted an additional period

---

[1] Two additional children were the subject of the DHHR's petition below. However, petitioner is the biological father of J.K. and M.K. only, and the circuit court accordingly addressed only petitioner's rights in relation to these children.

1

of improvement. Lastly, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future because the evidence established that he was making such progress.

Both the DHHR and the guardian ad litem respond in support of the circuit court's termination of petitioner's parental rights. These respondents argue that the circuit court was correct in denying petitioner an extension to his improvement period because the evidence established petitioner failed to substantially comply with the terms of his improvement period. According to the respondents, petitioner admits that he only complied with the requirement that he maintain employment. They further argue that petitioner failed to properly communicate with the DHHR to make proper arrangements for services. Respondents also cite to petitioner's two failed drug screens during his improvement period. Additionally, respondents cite these factors as sufficient to support the circuit court's termination of petitioner's parental rights.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion to extend his improvement period or in the termination of petitioner's parental rights. While the parties admit that petitioner initially showed compliance, the evidence establishes that he failed to comply with the terms of his improvement period after he gained employment. As such, we find that the evidence was sufficient to establish that petitioner failed to substantially comply with the terms of his improvement period. West Virginia Code § 49-6-12(g) requires that, to obtain an extension to a post-adjudicatory improvement period, the circuit court must find the respondent substantially complied with the terms thereof. Therefore, based on the foregoing, it was not error to deny petitioner's motion.

In regard to petitioner's argument that termination was not in the children's best interest, we find no merit in this argument. Petitioner basically argues that because the children would remain in the same placement regardless of whether he was granted an extension to his

improvement period, they would not be harmed. However, we have previously held that "'[u]njustified procedural delays wreak havoc on a child's development, stability and security.' Syl. Pt. 1, in part, *In re Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991)." Syl. Pt. 3, in part, *In re Jonathan G.*, 198 W.Va. 716, 482 S.E.2d 893 (1996). Based upon our prior holding, and for the reasons addressed herein, it is clear that termination of petitioner's parental rights was in the children's best interest.

As to petitioner's argument that it was error to find that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect in the near future, we find no merit to this argument. Upon our review of the record, the Court finds that the circuit court was presented with sufficient evidence upon which it found that that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and the termination of petitioner's parental rights is hereby affirmed.

Affirmed.

**ISSUED**: March 12, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II